[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant husband and plaintiff wife were married in New London, Connecticut, on July 19, 1969. Both of the parties have resided in Connecticut, continuously, for at least one year up to the date of the filing of the complaint.
Two children were born to the wife during the course of the marriage. Both are issue and have reached their majority.
The husband has been an employee of Northeast Utilities for approximately thirteen years (13). He presently grosses approximately $73,000 per year. He is a college graduate and in apparent good health. He is 44 years of age.
The wife is a cafeteria worker at TVCCA and earns approximately $12,200 per year. She is a high school graduate and apparently has no formal job training although at one time, early in the marriage, she worked as an inhalation therapist. She testified, however, that this was many years ago and she would probably have to be retrained in this field. She also appears to be in relatively good health. She, too, is 44 years of age.
The marriage was free of any major problems for at least 18 years, according to the wife, and 15 years, if the testimony of the husband is to be believed.
In any event, in spite of considerable testimony to CT Page 7759 the contrary, the Court does not believe that the wife's behavior was the cause of the breakdown of the marriage. Neither can it find that the husband's behavior caused the breakdown, although he did leave the marital premises with little or no warning. Had he not left the marital home, in all likelihood, this matter would not be before the Court.
It is not necessary for the Court to dwell on all of the factors which have entered into its consideration and determination of this matter. Suffice it to say, that all statutory criteria enumerated in Connecticut General Statutes Sections 46b-81 and 46b-82 have been considered by the Court and it orders as follows:
(1) The marriage of the parties has broken down irretrievably, there is no no prospect of any reconciliation, and a decree of dissolution may enter.
(2) The Court assigns all of the husband's right, title and interest in the marital home located at 99 Dayton Road, Waterford, Connecticut, to the wife, pursuant to the authority granted to it by Connecticut General Statutes Section 46b-81.
(3) The wife shall be responsible for the payment of all taxes, insurance and mortgages on said real estate and shall save the husband harmless and indemnify him from any and all claims made as a result of the nonpayment of same.
(4) All the personal property, furniture, etc., presently in the marital home shall become the sole and exclusive property of the wife with the exception of whatever record albums he chooses to remove and his personal clothing and belongings.
(5) The husband shall transfer all of his right, title and interest in a 1986 Pontiac to the wife.
(6) The wife shall transfer to the husband all of her right, title and interest in the camper to the husband and he shall be responsible for the payment of the loan on said camper and shall hold her harmless and indemnify her from any and all claims.
(7) The husband shall be entitled to keep his 401K plan as well as his TREASOP/PAYSOP, free from any claim by the wife.
(8) Husband and wife shall each pay the bills listed on the liability section of their respective financial CT Page 7760 affidavits and shall hold each other harmless and indemnify each other from any claims.
(9) The husband shall pay to the wife the sum of $350 per week as periodic alimony, which alimony shall terminate upon the happening of the first of the following events:
 1. The death of either party 2. The wife's remarriage 3. The wife's cohabitation 4. September 26, 1999
Periodic alimony shall be nonmodifiable as to term.
(10) The husband shall pay to the wife the sum of $1,500 as an allowance to prosecute, within sixty (60) days.
Mihalakos, J.